IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SAM GERACI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MAGNUM TRANSPORTATION, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SAM GERACI ("Geraci") by and through his attorneys, Michael Lee Tinaglia and the LAW OFFICES OF MICHAEL LEE TINAGLIA, LTD., and complaining against Defendant, MAGNUM TRANSPORTATION, INC. ("Magnum"), states as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid wages owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), specifically under 29 U.S.C. § 216(b) to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff of lawful wages and overtime premium wages.

2. Plaintiff also brings this action for unpaid wages, including but not limited to overtime premium wages pursuant to the (a) Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., ("IMWL") and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 210 et seq., and (b) the Illinois Wage Payment and Collection Act, 820

1

ILCS 115/1 et seq., and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 300 et seq.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a).

5. Plaintiff requests and demands a jury for all claims and legal issues.

## PARTIES

6. Geraci is an adult individual who, at all times relevant to this Complaint, has been a citizen of the State of Illinois, residing in Downers Grove, Illinois. Geraci was employed by Defendant from September of 2012 through July 13, 2017 when he was terminated.

7. At all times relevant herein, Plaintiff, Geraci was an "employee" of Magnum as that term is defined under the FLSA (29 U.S.C. § 203(e)(1)), IMWL (820 ILCS 105/3(d)), and IWPCA (820 ILCS 115/2).

8. Throughout his employment, Geraci performed all duties assigned to him in a conscientious and competent manner.

9. Magnum is an Illinois corporation engaged in the trucking industry throughout Illinois with its principal place of business at 4101 South Morgan Street, Chicago, Illinois 60609.

10. At all times relevant herein, Magnum was an "employer" as that term is defined under the FLSA (29 U.S.C. § 203(d)), IMWL (820 ILCS 105/3(c)), and IWPCA (820 ILCS 115/2).

## FACTUAL ALLEGATIONS

11. Geraci first began his employment with Magnum in September of 2012 as full-time truck driver at an hourly rate of $20.00 per hour.

12. At all times throughout his employment with Defendant, the Defendant was obligated to pay Geraci in accordance with all applicable state and federal minimum wage and overtime laws because his job duties and responsibilities did not fall under any of the existing exemptions under either the federal Fair Labor Standards Act ("FLSA") or Illinois law.

13. Throughout the term of his employment with Magnum, Defendant did not pay Plaintiff for all hours worked by Plaintiff.

14. For any given work day, Plaintiff was given a specific punch-in time wherein he was required to report to work and punch in at Magnum's Morgan Street yard. After punching in, Plaintiff would get his route assignment and leave the Morgan Street yard to go to the first job site of the day. The time expended from punch-in to the start at the first job site ("Travel Time") was not paid by Defendant.

15. In any given week, Plaintiff did not get paid for approximately 3 to 5 hours of Travel Time.

16. On many occasions, after Plaintiff left the yard, because of weather or dispatch changes, he was called back to the yard. On these occasions, Plaintiff did not get

paid for the time from his punch-in to the time he arrived back at the Morgan Street Yard ("Call Back Time").

17. Throughout the term of his employment with Magnum, Defendant did not pay Plaintiff for all hours worked in excess of 40 in any given workweek.

18. Defendant's failure to pay Plaintiff for all hours worked and Defendant's failure to pay Plaintiff premium or overtime pay for all hours worked in excess of 40 in any given workweek was intentional, willful, and deliberate, intended to avoid Defendant's obligations as an employer under applicable law.

19. During the course of his employment with Defendant, Plaintiff often worked in excess of forty (40) hours per week, but he was never paid the premium rate of one and one-half times his hourly wage for the hours he worked in excess of forty hours in any given week.

## COUNT I
## VIOLATION OF FLSA—OVERTIME WAGES

20. Plaintiff reasserts and realleges and incorporates paragraphs 1 through 18 of the Complaint as and for this paragraph 19 of this Count I as if fully set forth herein.

21. During his employment, Plaintiff was directed to work and did work in excess of 40 hours per week. However, Plaintiff did not receive overtime wages at time and a half his regular hourly rate despite working more that forty (40) hours per week.

22. Throughout his employment, Plaintiff's job duties and responsibilities did not render him exempt from the overtime provisions of the FLSA.

23. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

4

24. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare Defendant to be in violation of the FLSA and:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks;

B. Award liquidated damages to Plaintiff in an amount equal to the amount of unpaid overtime wages;

C. Award reasonable attorneys' fees and costs; and

D. Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

## COUNT II
## VIOLATION OF IMWL-OVERTIME

25. Plaintiff reasserts and realleges and incorporates paragraphs 1 through 18 of the Complaint as this paragraph 24 of this Count II, as if fully set forth herein.

26. This Count arises from Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

27. Defendant directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

28. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendant violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare that Defendants have violated the IMWL and

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

## COUNT III
## VIOLATION OF IWPCA—
## STRAIGHT TIME AND OVERTIME

32. Plaintiff reasserts and realleges and incorporates paragraphs 1 through 18 of the Complaint as and for this paragraph 31 of this Count III, as if fully set forth herein.

33. While Plaintiff was an employee of Defendant, Defendant violated the IWPCA by routinely failing to pay Plaintiff all of his earned wages.

34. Defendant did not pay Plaintiff for Travel Time or Call Back Time.

35. Defendant did not pay Plaintiff for all overtime.

36. Defendant's failure to pay Plaintiff for Yard Time, Call Back Time and Overtime was a violation of the IWPCA.

37. Defendants' violations of the IWPCA were willful and intentional.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare that Defendant has violated the IWPCA and:

A. Enter a judgment in the amount of unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

C. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

Date: September 19, 2017

Respectfully submitted,

Sam Geraci, Plaintiff,

By: s/Michael Tinaglia
One of His Attorneys

MICHAEL LEE TINAGLIA
Law Offices of Michael Lee Tinaglia Ltd.
444 N. Northwest Hwy., Suite 350
Park Ridge, IL 60068
Tel: (847) 692-0421
Fax: (847) 685-8440
mltinaglia@tinaglialaw.com